UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

_____

ELIO JOSE FLORES RODRIGUEZ,

        Petitioner,

v.

UNKNOWN PARTY et al.,

        Respondents.

_____/

Case No. 2:26-cv-145

Honorable Paul L. Maloney

**OPINION**

Petitioner, a United States Immigration and Customs Enforcement (ICE) detainee, initiated this action by filing a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Pet., ECF No. 1.) For the following reasons, the Court will deny Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 without prejudice to the extent that it requests release based upon Petitioner's claimed Temporary Protected Status (TPS) and will dismiss Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 without prejudice to the extent that it requests a custody redetermination (bond) hearing.

I.      **Procedural History**

In Petitioner's § 2241 petition, Petitioner challenges the lawfulness of his current detention based on his TPS[1] and asks the Court to, *inter alia*, issue a writ of habeas corpus pursuant to 28

---

[1] Under 8 U.S.C. § 1254a, the Secretary for the Department of Homeland Security

may designate a foreign state for TPS when nationals of that state cannot return there safely due to armed conflict, natural disaster, or other "extraordinary and temporary conditions," unless the Secretary "finds that permitting the [noncitizens] to remain temporarily in the United States is contrary to the national interest of the United States."

U.S.C. § 2241 ordering Respondents to release Petitioner. (*Id.*, PageID.7.) In an order entered on June 25, 2026, the Court directed Respondents to show cause, within three business days, why the writ of habeas corpus and other relief requested by Petitioner should not be granted. (Order, ECF No. 3.) Respondents filed their response on June 25, 2026. (ECF No. 4.)

## II.    Factual Background

Petitioner is a native and citizen of Venezuela. (Petition Intake Form, ECF No. 1-1, PageID.12.). Petitioner entered the United States on March 28, 2016, on a tourist visa. (Pet., ECF No. 1, PageID.6.) Following the expiration of his visa, Petitioner applied for and was granted TPS pursuant to the 2023 TPS Designation for Venezuela. (*Id.*) Petitioner applied to renew his TPS status following its expiration on November 21, 2025, but has not received any response. (*Id.*) [2]

---

*Nat'l TPS All. v. Noem*, 150 F.4th 1000, 1010 (9th Cir. 2025) (quoting 8 U.S.C. § 1254a(b)(1)(C)). "Such a designation permits certain nationals of the foreign state, who have continuously resided in the United States since the effective date of the designation, to register for employment authorization and protection from deportation for the duration of the TPS period." *Id.* (quoting 8 U.S.C. § 1254a(a)(1), (b)(2)). Additionally, there are other restrictions, including, for example, that applicants for TPS "must not have been 'convicted of any felony or 2 or more misdemeanors committed in the United States.'" *Id.* (quoting 8 U.S.C. § 1254a(c)(2)(B)(i)). Further, "TPS does not provide beneficiaries with a pathway to permanent resident status, nor does it include any right to petition for visas on behalf of family members in the United States or abroad." *Id.*

[2] With respect to TPS for Venezuela, "[o]n January 17, 2025, Secretary Mayorkas extended the 2023 [TPS] Designation by eighteen months, through October 2, 2026." *Nat'l TPS All. v. Noem*, 166 F.4th 739, 751 (9th Cir. 2026) (footnote and citation omitted). "The extension was set to become effective on April 3, 2025," the day after the 2023 TPS Designation was due to expire. *Id.* (citation omitted). "On January 24, 2025, DHS began drafting the decision to vacate the TPS extension" for Venezuela. *Id.* Thereafter, on January 26, 2025, "DHS began drafting a termination of Venezuela's TPS." *Id.* On January 28, 2025, Secretary Noem signed off on the decision to vacate the January 17, 2025, extension of TPS for Venezuela, meaning that the 2023 TPS Designation for Venezuela effectively expired on April 2, 2025. (*Id.*) Subsequently, on February 1, 2025, "Secretary Noem signed off on the termination [of TPS]" for Venezuela. *Id.* (citation omitted). Secretary Noem did not terminate the 2021 TPS Designation for Venezuela, however, the 2021 TPS Designation "had only been extended to September 10, 2025." *Id.* (citation omitted).

On May 15, 2026, Department of Homeland Security (DHS) agents encountered and arrested Petitioner while Petitioner was a passenger in a vehicle. (*Id.*; Petition Intake Form, ECF No. 1-1, PageID.12.)

On June 3, 2026, Petitioner was provided with a bond hearing before the Detroit Immigration Court. (Bond Order, ECF No. 1-1, PageID.13.) The Immigration Judge denied Petitioner's request for bond, stating "Flight risk." (*Id.*)[3]

### III. Analysis

#### A. Release

Petitioner seeks release from custody based upon his "TPS and renewed TPS." (Pet., ECF No. 1, PageID.6.) However, on June 25, 2026, the Supreme Court held that 8 U.S.C. § 1254a(b)(5)(A) precludes judicial review of all non-constitutional claims related to TPS. *Mullin v. Doe*, No. 25–1083, 2026 WL 1825840, at *7 (U.S. June 25, 2026). Accordingly, Petitioner is not entitled to relief based upon an alleged violation of § 1254a(d)(4) or his prior TPS, and the Court will deny any such claims for release.

#### B. Bond Hearing

To the extent that Petitioner requests a second bond hearing under § 1226(a), Respondents concede that "[i]f Petitioner moves for a custody redetermination in immigration court, a bond hearing will be scheduled and held." (Resp., ECF No. 4, PageID.19.) There is no indication in the record presently before the Court that Petitioner has moved for a second custody redetermination hearing in Immigration Court. In light of Respondents' concession that, if requested, Petitioner

---

[3] The materials submitted by the parties do not suggest that Petitioner is subject to a final order of removal or that Petitioner is subject to detention under 8 U.S.C. § 1226(c).

would receive a § 1226(a) bond hearing, the Court will dismiss any claim for a bond hearing without prejudice.

## IV.    Other Claims and Other Forms of Relief

Because the Court will deny in part and dismiss in part Petitioner's § 2241 petition without prejudice as set forth herein, the Court does not address other claims and other requested relief in Petitioner's § 2241 petition.

### Conclusion

For the reasons discussed above, the Court will enter a judgment denying Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 without prejudice to the extent that it requests release based upon Petitioner's claimed TPS and dismissing Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 without prejudice to the extent that it requests a custody redetermination (bond) hearing.

Dated:    July 7, 2026                                    /s/ Paul L. Maloney
                                                          Paul L. Maloney
                                                          United States District Judge

4